## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BLAINE BABINEAUX | ) | |
| | ) | |
| Plaintiff, | ) | CIV. ACT. NO.: |
| | ) | |
| v. | ) | JUDGE: |
| | ) | |
| MOTIVA ENTERPRISES, L.L.C., | ) | MAG. JUDGE: |
| | ) | |
| Defendant. | ) | DATE: |
| | ) | |
| | ) | |

### COMPLAINT

NOW INTO COURT, through undersigned counsel, comes **PLAINTIFF,**

**BLAINE BABINEAUX**, who respectfully submits the following Complaint for

damages, and further prays the named defendant is justly liable unto Plaintiff for the

damages that he has suffered and continues to suffer, and further, that this Honorable

Court grant unto Plaintiff judgment in his favor against the defendant for all the damages

that are reasonable on the premises, and award all the relief sought for by Plaintiff herein

for those allegations of fact and law as more specifically set forth in this Complaint as

follows, to wit:

### Parties

1.

Plaintiff, BLAINE BABINEAUX, (hereinafter "BABINEAUX"), is a natural

person who has reached the full age of majority and is a resident and domiciliary of the

Parish of St. Charles, State of Louisiana.

At all times alleged herein BABINEAUX was an "employee" within the meaning and scope of the statutes and regulations which comprise and govern the Americans With Disabilities Act of 1990, and the 2008 amendments thereto, (hereinafter referred to as the "ADA").

2.

Made Defendant herein is **MOTIVA ENTERPRISES, L.L.C.**, (hereinafter "MOTIVA"), an Delaware corporation licensed to do and doing business in the State of Louisiana who may be served through its registered agent, CT Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, Louisiana  70808.

At all times alleged herein, defendant, MOTIVA is a "covered entity" and "employer" under the scope and meaning of the statutes and regulations which comprise and govern the ADA.

### Jurisdiction and Venue

3.

Original jurisdiction is proper in the instant matter under federal question jurisdiction,  28 U.S.C. §1331, as this matter involves the violation of federal law by the defendant, namely, the ADA;  diversity jurisdiction pursuant to 28 U.S.C. §1332, as this case or controversy involves the complete diversity of citizenship of all of the parties and the claims asserted are in excess of the jurisdictional threshold of $75,000, exclusive of attorney's fees and interest; and, original jurisdiction pursuant to the ADA.  Venue is proper under 28 U.S.C. §1391 as all parties named herein are residents of the Eastern District of Louisiana, and a substantial part of the events and/or omissions giving rise to the Plaintiff's claims arose out of this judicial district.

## **Background Facts and Statement of Claims**

4.

This is an action against defendant, MOTIVA for violation of the ADA.

5.

On September 8, 2003, BABINEAUX was hired by defendant MOTIVA as an

employee on a full-time basis. Plaintiff's job-title was as an "operator" with defendant.

6.

On January 19, 2009, while having been continuously employed full time for the

defendant, BABINEAUX suffered a non-occupational injury on his right knee (a torn

ACL) which required orthopedic surgery. The injury resulted in a permanent disability to

Plaintiff's right knee.

7.

Plaintiff's disability is a physical impairment which substantially limits one or

more of his major life activities within the meaning and scope of the ADA.

8.

Notwithstanding Plaintiff's disability, BABINEAUX was a "qualified individual"

within the meaning and scope of the ADA, as he was, without or without a reasonable

accommodation, otherwise qualified to perform the essential functions of his job as an

operator employed by the defendant.

9.

In light of his disability, BABINEAUX made three (3) requests for a reasonable

accommodation from his employer, defendant, MOTIVA.    Plaintiff's requests for a

reasonable accommodation fell within the meaning and scope of the ADA and would not cause an undue burden or hardship on the operations of the defendant had they been granted.

10.

Defendant, MOTIVA refused to grant each request for a reasonable accommodation made by BABINEAUX.

11.

Upon information and belief, prior to Plaintiff's requests defendant, MOTIVA, has granted reasonable accommodation requests to employees who were similarly situated to BABINEAUX.

12.

On July 13, 2011, Plaintiff was terminated from his employment with defendant on the purported grounds that he was not physically able to perform the functions of his job. As a result of his termination, Plaintiff suffered and continues to suffer significant financial loss, including without limitation lost wages and benefits.

13.

On April 19, 2012, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging that defendant had violated his rights under the ADA. On July 11, 2012, the EEOC issued a "right to sue" letter to Plaintiff.

14.

As a result of the aforementioned acts, omissions and conduct, Defendant, MOTIVA has violated the ADA and wrongfully discriminated against BABINEAUX as follows:

- 4 -

(a)     MOTIVA wrongfully terminated Plaintiff when he was a qualified individual who as otherwise qualified to perform the essential functions of his employment with defendant; and,

(b)     MOTIVA failed to provide Plaintiff with a reasonable accommodation which was not otherwise and undue burden or hardship to the functions of defendant's business.

12.

Defendant's acts constitute a willful and bad faith violation of the ADA, and entitle the plaintiff to recover all available damages under the ADA.

**WHEREFORE**, Plaintiff, BLAINE BABINEAUX, prays that this Court award her the following relief:

1.      That he be granted a trial by jury in this matter;

2.      That he be awarded all back or past wages, salary, employment benefits, and other compensation lost as a result of defendant's discriminatory conduct, together with interest calculated at the prevailing rate;

3.      That he be awarded front pay and benefits from the date of judgment; and,

4.      That he be awarded compensatory damages for future loss, emotional distress, pain & suffering, inconvenience, mental anguish & loss of enjoyment of life;

4.      That he be granted all other appropriate equitable and in injunctive relief, including, but not limited to reinstatement to his former position; and,

- 5 -

5.   That he be awarded costs, including expert witness fees, and reasonable attorney's fees accrued in this matter; and

6.   That he be awarded other and further relief that the Court deems just and appropriate.

Respectfully submitted:

**LITTLEJOHN LAW FIRM, L.L.C.**

*/s/ DOUGLAS A. LITTLEJOHN*

**DOUGLAS A. LITTLEJOHN**
La. Bar Roll No.: 28381
453 Louisiana Avenue
P.O. Box 3433
Baton Rouge, LA  70802
Telephone:     (225) 388-9820
Facsimile:     (8660 498-2496
E-mail:     doug@littlejohnlawfirm.com

*Attorney for Plaintiff, BLAINE BABINEAUX*

**PLEASE SERVE:**

**MOTIVA ENTERPRISES, L.L.C.**
Through its registered agent for service of process,
   **CT Corporations Systems**
   **5615 Corporate Blvd., Suite 400B**
   **Baton Rouge, LA  70808**